# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMS LIBERTY LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LINDA M. HIB, et al.,<br><br>　　　　　　　Defendants. | Case No.: 18cv339-LAB (BGS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER TO SHOW CAUSE RE: SANCTIONS; AND**<br><br>**ORDER OF PARTIAL REMAND** |

　　Daniel Hib, identifying himself as a Defendant in this case, filed a notice of removal, purporting to remove this unlawful detainer action from the Superior Court of California for the County of San Joaquin. Hib is proceeding *pro se* and has filed a motion to proceed *in forma pauperis* ("IFP").

　　The notice of removal does not explain his connection to the property at issue in the case — for example, as an owner, tenant or resident. He has represented to this Court that he lives in San Diego, rather than Stockton,[1] where the real

---

[1] The address he provides in both documents he filed does not appear on San Diego maps.

1

property is located that is the subject of this action. His IFP motion says he does not own any real estate and says his monthly rent is $250. By contrast, the state court complaint says the agreed monthly rent on the subject property is $2,000. The IFP motion also lists no one as relying on Mr. Hib for support.

The IFP motion is incomplete. In addition, it indicates he has no assets, debts, or income of any kind; has had no income and has received no gifts of money for the past twelve months; has not been employed for the past two years; and does not expect this to change in the next year. It also estimates his monthly expenses at $530, yet fails to explain how he gets the money to pay these without any income or assets and without incurring debt. The motion to proceed IFP is **DENIED**.

The notice of removal is riddled with problems. *See* 28 U.S.C. § 1446 (setting forth procedures for removal). In addition to the problems mentioned above, the case was removed to the wrong court. Cases removed from state courts in San Joaquin County may be removed to the U.S. District Court for the Eastern District of California, not to this District. *See* § 1446(a). The case was filed in October of 2016, so even if the case is still pending in state court,[2] removal is almost certainly untimely. The notice of removal says a copy was mailed to Plaintiff's counsel, but does not include proof of filing in the state court. *See* § 1446(d) (requiring that the removing party promptly file a copy of the notice of removal with the clerk of the state court from which the case was removed).

The notice of removal does not include the required showing of jurisdiction. *See* § 1446(a) (requiring the notice of removal to contain "a short and plain

---

[2] The notice of removal claims the case is "now pending" in the state court, but the only documents attached to the notice of removal are a complaint filed October 17, 2016 and a summons issued the following day. *See* 28 U.S.C. § 1446(a) (requiring that copies of all process, pleadings, and orders served on the defendant be attached to the notice of removal).

statement of the grounds for removal"). The notice cites 28 U.S.C. § 1343 and conclusorily claims Mr. Hib cannot get a fair trial in state court. (Notice of Removal, ¶ 11.) This statute provides that U.S. District Courts have jurisdiction over actions to redress deprivations of certain federally-secured rights. A party seeking to remove a case under §1443(1) must satisfy a two-part test. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). The notice of removal falls short of this.

Finally, a review of dockets in California shows that this action has been removed to several other U.S. District Courts in California, as follows:

1. 16cv2999, removed December 23, 2016 to the Eastern District by Mr. Hib and remanded January 11, 2017, with instructions to the Clerk not to open another case involving this unlawful detainer action;

2. 17cv4792, removed June 29, 2017 to the Central District by Mr. Hib and summarily remanded July 7, 2017;

3. 17cv6615, removed September 8, 2017 by Mr. Hib to the Central District and remanded September 14, 2017;

4. 17cv8404, removed November 17, 2017 to the Central District purportedly by Arun Mith and remanded December 7, 2017;

5. 17cv9197, removed December 26, 2017 to the Central District purportedly by Samonn Mith, and remanded January 1, 2018;

6. 18cv766, removed January 30, 2018 to the Central District purportedly by Arun Muth and remanded February 6, 2018.[3]

Mr. Hib filed motions to proceed IFP in the cases he removed, including declarations under penalty of perjury. These appear to conflict materially with each

---

[3] The Court can, and does, *sua sponte* take judicial notice of court records and other matters of public record. *See* Fed. R. Evid. 201; *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1116 (C.D. Cal. 2010) (a court may take judicial notice of court records).

other. In cases 17cv4792 and 17cv6615 in the Central District, for example, he said he was last employed in January of 2016, earning $21,000 a year.[4] In case 16cv2999 in the Eastern District, he filed two declarations, one dated December 21, 2016 saying he was currently earning $24,000 per year, and a second dated two days later saying he was unemployed and had last been employed in January of 2016 earning $24,000.

In short, it appears Mr. Hib has removed this case that he knew was not removable, for improper purposes. He knew it was not removable because he and his associates have repeatedly been told so by judges. It also appears that he has attempted to mislead the Court about his identity, address, financial status, and relationship to the case. And it appears he has done these things as part of a pattern of improper behavior for purposes of harassing, annoying, or imposing costs on Plaintiff GMS Liberty LLC, its counsel Jaime Patena, and/or the state court where the unlawful detainer action was filed, and possibly also delaying that action or lawful foreclosure or eviction. Although several different names were used in doing this, it appears that the same person or group of people acting together did all of this. In so doing, it appears he has violated Fed. R. Civ. P. 11, committed acts that potentially could be punished by contempt, and engaged in vexatious litigation — all in bad faith.

Daniel Hib is therefore **ORDERED TO SHOW CAUSE** why he should not be sanctioned for his latest act of removing this case to federal court in the Southern

---

[4] The IFP motions in the other cases are purportedly signed by other people, though the financial information is virtually the same, and the complaints appear to be edited versions of the same document. The other cases also give various apparently nonexistent addresses in Los Angeles and elsewhere. In several of the cases, mail addressed to him was returned as undeliverable. It appears that these removals have been done by either the same person, or by the same group of people acting together.

4

District of California, and for misstatements and misleading omissions in documents he filed in this Court. He is **ORDERED TO APPEAR IN PERSON** at a hearing on **Monday, April 9, 2018 at 4:00 p.m.** in Courtroom 14A (Carter-Keep courthouse), 333 West Broadway, in San Diego, California, to address these issues and explain himself. If he intends to rely on any evidence, he should be prepared to present that at the hearing. He may be represented by counsel if he wishes, but he must still appear in person. Counsel for GMS Liberty may, but need not, appear at the hearing.

If Mr. Hib cannot appear on this date, he should file an *ex parte* motion (without obtaining a hearing date) well before the hearing, requesting a continuance and showing good cause for it. He should bear in mind that granting or denying such a request is within the Court's discretion. If he fails to appear as ordered, he will be subject to arrest and contempt proceedings.

The Clerk is directed to mail a copy of this order to Daniel Hib at the address in the docket by a means that (assuming it is delivered) will provide proof of delivery. The U.S. Marshals Service shall serve a copy of this order on Daniel Hib, who can be found at 8711 Blue Grass Drive,[5] Stockton, California 95210 and shall file proof of service after doing so.

Because this case was improperly removed, it is **REMANDED** to the Superior Court of California for the County of San Joaquin, except as to issues of sanctions, contempt, or other discipline, over which the Court retains jurisdiction.[6]

///

///

---

[5] Other documents give his address as 8722 Bluegrass Drive. The Marshals may serve him wherever he may be found.

[6] The Court's retention of jurisdiction over these issues is not intended to prevent the state court from also pursuing and imposing any sanctions, discipline, or contempt, as appropriate.

Pending the order to show cause hearing, Daniel Hib is **ORDERED** not to remove or attempt to remove this case from state court again.

**IT IS SO ORDERED**.

Dated: March 2, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge